UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-10-H

GEORGE E. ROUBAL                                                                                    PLAINTIFF

V.

THE PRUDENTIAL INSURANCE                                                                DEFENDANT
COMPANY OF AMERICA

**MEMORANDUM OPINION AND ORDER**

Plaintiff, George Roubal, first initiated these proceedings against Prudential Insurance Company of America ("Defendant" or "Prudential") after Defendant terminated his disability benefits. After a successful conclusion, Plaintiff's new counsel has moved for additional attorney's fees and interest. Defendant has opposed both requests. After review of the pleadings, the Court will award (1) reasonable attorney's fees for work since remand and (2) prejudgment interest for the past due benefits obtained on remand.

I.

Plaintiff was involved in a car accident in March of 1999 that resulted in a long term cognitive disorder. In its first opinion, the Court found "Prudential arbitrarily denied benefits to Plaintiff" because he was disabled due to a cognitive disorder. However, Plaintiff was entitled to benefits for only two years because of a "mental, psychoneurotic or personality disorder" limitation in Prudential's policy. The Court then awarded fees, costs and prejudgment interest of $20,908.72.

Plaintiff also moved to amend the judgment so as not apply the two year mental health limitation. Because the plan administrator had only denied benefits and not decided the

applicability of the two year limitation on benefits for mental health, the Court remanded for further consideration whether the physical trauma from the 1999 car accident led to the cognitive disorder. The Court found "[c]ognitive disorders resulting from physical injury to the brain are exempt from the mental health limitation." Following this decision, Plaintiff obtained new counsel.

On remand, the plan administrator determined that Plaintiff was entitled to disability benefits for the maximum duration under the policy as long as Plaintiff met the definition of "disability." Since the administrator's decision, Plaintiff has received an additional $221,048.26 in benefits. Plaintiff now seeks attorney's fees for the work of new counsel since remand and interest on the new benefits. The Court will address each motion in turn.

II.

Defendant opposes attorney's fees for several reasons: Plaintiff was already awarded attorney's fees once; the circumstances after remand suggest an award of fees is unwarranted; and Plaintiff's request for fees is untimely. For the reasons that follow, the Court finds that none of these factors reasonably bar a new award of attorney's fees.

While the Sixth Circuit has not directly addressed whether attorney's fees may be awarded for work done on remand, other courts have. The Second Circuit found that "[w]here the administrative proceedings are ordered by the district court and where that court retains jurisdiction over the action during the pendency of the administrative proceedings, we hold that ERISA authorizes the award of associated costs." *Peterson v. Cont'l Cas. Co.,* 282 F.3d 112, 122 (2nd Cir. 2002). Other district courts in this circuit have come to similar conclusions. *Delisle v. Sun Life Assurance Co. Of Can.,* No. 06-11761, 2007 WL 4547884, at *5 (E.D. Mich.

2

Dec. 19, 2007) ("find[ing] that fees incurred in ERISA remand proceedings can be recovered when the district court retains jurisdiction over the matter.") and *Richards v. Johnson & Johnson,* No. 2:08-CV-279, 2010 WL 3219138, at *8 (E.D. Tenn. May 12, 2010) (discussing district court decisions awarding attorney's fees for work done on remand, though deciding that plaintiff's request for fees was premature in the instant case). This Court agrees with the view that attorney's fees are appropriate for remand work.

Normally, a plaintiff would seek all attorney's fees at one time. Here, Plaintiff is seeking attorney's fees for a second time. So long as Plaintiff does not seek fees twice for the same work, this situation does not present a problem. *See Rappa v. Conn. Gen. Life Ins.,* No. CV-03-5286, 2005 WL 6244543, at *2 (E.D.N.Y. June 28, 2005) (stating that, if plaintiff needs to return to court after remand, a subsequent award of attorney's fees may be appropriate). Finally, Defendant states that, under Local Rule 54.4, Plaintiff must file for attorney's fees within thirty days of judgment entry. However, Plaintiff is seeking fees arising from remand proceedings in which new counsel represented him. These circumstances make the thirty-day rule inapplicable here.

The Court has previously determined that the award of attorney's fees is appropriate in this case.[1] The results on remand only amplify that conclusion. "[T]he Supreme Court has endorsed the lodestar approach for determining reasonable attorney fees." *Seal v. John Alden Life Ins. Co.,* 437 F.Supp.2d 674, 687 (E.D. Mich. 2006). The lodestar method calculates

---

[1] To determine the appropriateness of fees, courts look to the five factors outlined in *Secretary of Dept. Of Labor v. King,* 775 F.2d 666, 669-670 (6th Cir. 1985). The five factors are: "(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions." *King,* 775 F.2d at 669-670.

attorney's fees as the product of reasonable number of hours expended and the reasonable hourly rate. *See, e.g., Delisle,* 2007 WL 4547884, at *2. Plaintiff seeks a total of $18,145.00 for the work done on remand. Defendant says that the requested fees are excessive because they include charges for clerical work and an excessive number of hours for briefing the motions for fees and interest.

"'[S]trictly clerical tasks'. . . are part of the overhead cost necessary to operate any law firm, and should not be compensated by a fee award." *See Richards*, 2010 WL 3219138, at *7 (quoting *Allison v. City of Lansing,* 2007 WL 2114726, at *1 (W.D. Mich. 2007)) (disallowing fees for tasks performed by paralegals such as document review, locating registered agents, preparing summonses, electronic court filings, keeping track of deadlines, and mailing documents) and *Pennington v. W. Atlas, Inc.,* 55 Fed. App'x 252 (6th Cir 2003) (upholding the decision of the district court that, among other things, reduced attorneys' fees because of clerical work). From Plaintiff's submissions, Defendant calculates approximately $5000 in fees for obtaining Plaintiff's medical records. Plaintiff's disability is a cognitive disorder; Plaintiff's attorney uses block billing[2] and some time entries are neither clearly clerical or non-clerical. Hence, the Court does not feel it can simply delineate and subtract charges for clerical tasks. By the Court's rough calculations, approximately $1800 of the fees appear clerical. For the reasons stated above, the Court will subtract $900, rather than $1800, from the total fee award.

"In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is

---

[2]The Court recognizes that block billing is acceptable. *Richards*, 2010 WL 3219138, at *9. On the other hand, as discussed in the next section, Plaintiff has the burden of proof with regards to fees. *Id*. The Court could, therefore, deduct any block billed fee that included clearly clerical tasks. *Id*.

4

submitted on the papers without a trial. . ." *Coulter v. State of Tenn.,* 805 F.2d 146, 151 (6th Cir. 1986). Courts have deviated from this rule for several reasons: when the majority of attorneys' work occurs at the administrative level for which reimbursement is unavailable or which must be obtained through new litigation; when Defendant took a "less than moderate position" which increased the fee litigation; or when the case was particularly complex. *Klein v. Cent. States, Se. and Sw. Areas Health and Welfare Plan,* 621 F.Supp.2d 537, 545 (N.D. Ohio 2009); *Gross v. Perrysburg Exempted Vill. Sch. Dist.,* 306 F.Supp.2d 726, 742-43 (N.D. Ohio 2004); and *West v. AK Steel Corp. Ret. Accumulation Pension Plan,* 657 F.Supp.2d 914, 931 (S.D. Ohio 2009).

Here, Plaintiff has frequently combined the billing for work related to interest on the benefits awarded on remand and for time spent on attorney's fees motions. This Court estimates that the bills for combined work related to attorney's fees and interest is just under 50 hours and approximately $8300, while separate billing for work on interest amounts to just over 10 hours and almost $1500 and separate billing for work on attorney's fees amounts to just over 2 hours and approximately $375. Plaintiff has the burden to prove his fees. *Richards,* 2010 WL 3219138, at *9. While the work to obtain interest on past due benefits is clearly compensable, compensation for work to obtain attorneys fees may be limited. The Court has no way of knowing how Plaintiff's attorney allocated her time.

Because the Court acknowledges Plaintiff's right for reimbursement for work related to interest and for at least some of the work related to seeking attorney fees, the Court will deduct the $375 Plaintiff allocated solely to work on fees and one fourth of the approximated block billed fees, or $2075. With this amount, Plaintiff's attorney is adequately compensated for the interest-related work, which led to a significant recovery for Plaintiff, yet not excessively

compensated for work related to obtaining fees.

### III.

In its previous opinion, the Court awarded prejudgment interest for two years worth of benefits. Plaintiff now seeks prejudgment interest on additional benefits awarded on remand. The award of prejudgment interest is discretionary, *Ford v. Uniroyal Pension Plan,* 154 F.3d 613, 616 (6th Cir. 1998), and intended to compensate Plaintiff for loss of interest from those funds. *Hoover v. Provident Life and Acc. Ins. Co.,* 290 F.3d 801, 810 (6th Cir. 2002). Quite frankly, the Court can see no legitimate basis for denying appropriate interest. Though the amount of interest may be significant, Plaintiff was without the use of entitled benefits for a lengthy time.

Defendant opposes interest because Plaintiff delayed one and a half years before appealing benefit denial and eight months on remand before filing requested medical records with Prudential. The Court addressed the initial delay in its previous opinion. While Defendant feels eight months is a significant delay, a delay of this length does not merit denial of prejudgment interest when Plaintiff has been denied use of these funds for up to eight years.

Plaintiff suggests applying the interest rate as outlined in 28 U.S.C. §1961, as utilized in the previous award. Defendant has made no suggestions regarding the applicable interest rate. Therefore, the Court will apply the interest rate suggested by 28 U.S.C. § 1961 to this award of prejudgment interest as in the previous opinion.

For the reasons stated, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's request for attorney's fees is SUSTAINED in the amount of $14,795.00.

IT IS FURTHER ORDERED that Plaintiff's motion for interest will be SUSTAINED in the amount of $25,665.96.

This is a final order.

cc: Counsel of Record